# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**DEWAYNE ORR**                                                                     **PLAINTIFF**

**VS.**                                                  **CIVIL ACTION NO.: 4:13-cv-135-NBB-JMV**

**LT. ROBERT STURDIVANT, et al.**                                **DEFENDANTS**

## ORDER ON MOTION TO DISMISS

This matter is before the court on Defendant's Motion to Dismiss Based on Eleventh Amendment Immunity and Qualified Immunity [27]. Upon due consideration of the parties' submissions and the relevant law, the court finds the motion should be granted in part and denied in part for the reasons hereafter discussed.

## Allegations by Plaintiff and Defendants

Plaintiff Dewayne Orr is a prisoner of the State of Mississippi, currently housed at Wilkinson County Correctional Center in Woodville, Mississippi. Am. Compl. [14] at 2. On December 9, 2012, Plaintiff was a state prisoner housed at the Mississippi State Penitentiary in Parchman, Mississippi. *Id.* On that day, at approximately 12:19p.m., Plaintiff alleged he was going to eat when he heard Lt. Robert Sturdivant, Correctional Officer Lewis and Correctional Officer Tyler make the statement, "they was ready for whatever today." *Id.* When he looked at the officers, Plaintiff asserted Correctional Officer Lewis said, "What you looking at?" *Id.* Plaintiff made no response. *Id.*

After lunch, Plaintiff was returning to Protective Custody Unit 29-G. *Id*; *see also* Dep. of Dewayne Orr [45-1] at 3. Before reaching 29-G, Lt. Robert Sturdivant, Correctional Officer Lewis and Correctional Officer Tyler allegedly told Plaintiff to go in the back to Lt. Robert Sturdivant's office. Am. Compl. [14] at 2. Plaintiff contends Lt. Sturdivant closed the door

behind him after he entered the office. Correctional Officers Lewis and Tyler asked Plaintiff "what he was trying to do." *Id.* To which, Plaintiff claims he stated, "I was trying to go home." *Id.* Correctional Officer Lewis then said, "So you think you hard," and Plaintiff allegedly did not respond. *Id.* Plaintiff alleges Correctional Officer Lewis, Correctional Officer Tyler and Lt. Sturdivant struck him in the face and back of the head multiple times causing him to fall to the floor. *Id.* Then, the officers stomped his head and face multiple time with their boots. *Id.* Plaintiff allegedly was then pulled up from the floor and Lt. Sturdivant put his hand around Plaintiff's neck and told Plaintiff that if he said anything or wrote to anyone, the officers would kill him. *Id.* Plaintiff further contends Correctional Officer Kisha Davis was aware of this situation but did not report it. *Id.* at 3.

Later that evening, Plaintiff fell on the sidewalk by the dining hall from an alleged seizure. *Id.* An ambulance took Plaintiff to Unit 42 for medical care. *Id.* When asked about the injuries to his face, Plaintiff told the doctor of the assault and asked to talk to the Corrections Investigation Division (CID). *Id.* The doctor called a CID representative, and an investigator later came and took photographs of the Plaintiff's injuries, which included physical injuries to Plaintiff's head, jaw, cheek bones, mouth and teeth. *Id.* Plaintiff asserts the doctor asked him if he was aware of an alleged boot print on the left side of his face. *Id.* Plaintiff gave and signed a statement to the CID. *Id.* On December 10, 2012, the doctor returned to check on Plaintiff and ordered x-rays of the left side of Plaintiff's face. *Id.* When taking x-rays, Plaintiff told an unknown correctional officer he feared returning to 29-G unit because he believed Lt. Sturdivant, Correctional Officer Lewis and Correctional Officer Tyler would assault him again. *Id.* CID moved Plaintiff to Unit 42 where he remained for approximately two (2) weeks before he was transferred to the Wilkinson County Correctional Center. *Id.*

2

In their depositions, Defendants Lt. Sturdivant, Correctional Officer Lewis and Correctional Officer Tyler deny any kind of altercation or incident with Plaintiff on December 9, 2012. *See* Exh. C to Pl.'s Resp. to Mot. to Dismiss [45-3] at 3; Exh. D to Pl.'s Resp. to Mot. to Dismiss [45-4] at 2; Exh. A to Def.'s Reply to Mot. to Dismiss [47-1] at 2. Although, the officers agree if the incident occurred as described, they would be in violation of the Mississippi Department of Corrections standard operating procedure pertaining to the use of force. *See* Exh. B to Pl.'s Resp. to Mot. to Dismiss [45-2] at 2; Exh. C to Pl.'s Resp. to Mot. to Dismiss [45-3] at 2-3; Exh. D to Pl.'s Resp. to Mot. to Dismiss [45-4] at 2. Defendants further assert Plaintiff's injuries are consistent with having a seizure and falling down. Def.'s Reply to Mot. to Dismiss [48] at 4.

Plaintiff filed this action on July 26, 2013, as a pro se prisoner complaint. *See* Prisoner Compl. [1]. On January 7, 2014, Plaintiff retained counsel, and counsel filed an amended complaint a week later. *See* Not. of Att'y Appearance [10] and Am. Compl. [14]. The amended complaint seeks monetary damages, alleging two counts under 42 U.S.C. § 1983 for violations of Eighth Amendment Cruel and Unusual Punishment and Fourteenth Amendment Due Process. Am. Compl. [14] at 7-10. It is brought against: Mississippi Department of Corrections, Lt. Robert Sturdivant, Correctional Officer Tyler, Correctional Officer Lewis, Correctional Officer Kisha Davis, Warden Faye Noel, Deputy Warden Reginald Steward, Associate Warden Darlester Foster, Deputy Warden Marshal Turner, Superintendent Ernest Lee, and John and Jane Does. All claims against persons are brought in individual and official capacities. Now, Defendants move to dismiss based on Eleventh Amendment Sovereign Immunity and Qualified Immunity.

## Standard of Review

In their motion, Defendants seek dismissal of Plaintiff's claims based on Eleventh Amendment Immunity pursuant to Rule 12(b)(1) – lack of subject matter jurisdiction. Mem. in Supp. of Def.'s Mot. to Dismiss [28] at 1. Defendants seek dismissal of the individual capacity claims based on qualified immunity and assert dismissal of those claims is appropriate under Rule 12(b)(6) for failure to state a claim. *Id.* With respect to the qualified immunity defense, both Plaintiff's response and Defendants' reply to the motion include exhibits, referencing depositions of Plaintiff and Defendants as well as Plaintiff's medical records.

Federal Rule of Civil Procedure 12 provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion *must* be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

FED. R. CIV. P. 12(d) (emphasis added). The Fifth Circuit has explained:

> [u]nder Rule 56, it is not necessary that the district court give ten days' notice after it decides to treat a Rule 12(b)(6) motion as one for summary judgment, but rather after the parties receive notice that the court could properly treat such a motion as one for summary judgment because it has accepted for consideration on the motion matters outside the pleadings, the parties must have at least ten days before judgment is rendered in which to submit additional evidence.

*Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284 (5th Cir.1990) (internal quotation marks omitted) (citing *Clark v. Tarrant Cnty., Texas*, 798 F.2d 736, 746 (5th Cir.1986)). "A party is on notice of the possibility that a court may convert a Rule 12(b)(6) motion into a motion for summary judgment ten days after a party submits evidence outside of the pleadings and that evidence is not excluded by the court." *Bowers v. Nicholson*, No. H–07–1910, 2007 WL

4

3047223, at * 4 (S.D.Tex. Oct.18, 2007) (internal citation omitted). This court has most recently accepted such a conversion from a Motion to Dismiss to a Motion for Summary Judgment in *McNair v. Mississippi*. *See* No. 4:13–CV–00127–DMB–JMV, 2014 WL 4181847, at *1 (N.D. Miss. Aug. 21, 2014).

Plaintiff submitted matters outside the pleadings in its response to the Defendants' Motion to Dismiss. See Pl.'s Resp. to Mot. to Dismiss [45]. Defendants attached additional evidence to their reply to Plaintiff's response. Def.'s Reply to Mot. to Dismiss [47]. Therefore, Defendants' motion concerning qualified immunity should be treated as one for summary judgment.

Summary judgment is warranted under Rule 56(c) when evidence reveals no genuine dispute regarding any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at

1075. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075.

Regarding qualified immunity, the Fifth Circuit reviews the denial of same only on "the materiality of factual issues." *Bazan ex rel.Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 490 (5th Cir. 2001). It will not hear "challenges [to] the district court's genuineness ruling – that genuine issues exist concerning material facts." *Id.* "An issue is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham. . . . A fact is 'material' if it 'might affect the outcome of the suit under the governing law.'" *Id.* at 489. The granting of qualified immunity at the summary judgment stage "serve[s] to promptly end litigation." *Id.* at 488. Even if entitlement to qualified immunity is denied at summary judgment, it may be later awarded at trial after lengthy discovery. *Id.*

## Analysis

### I. Are the Claims Barred by the Eleventh Amendment?

"[A]n unconsenting State is immune from suits brought in federal court by her own citizens as well as by the citizens of another state." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (internal citation omitted). Any cause of action "against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). "The Eleventh Amendment bars a suit against state officials when 'the state is the real, substantial party in interest.'" *Pennhurst,* 465 U.S. at 101 (internal citation omitted).

But, the Eleventh Amendment does not bar suits against state officers for money damages to be paid out of their own pocket. *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985). "The parties … cannot hide behind sovereign immunity as defendants in their individual capacities."

*Ellis v. Miss. Dep't of Health*, No. 4:07-cv-81, 2008 WL 2007153, at *6 (N.D. Miss. May 8, 2008). "[S]tate officials sued in their individual capacities are "persons" for purposes of § 1983." *Hafer v. Melo*, 502 U.S. 21, 23 (1991). Although, persons sued under § 1983 in their individual capacities may be able to assert a qualified immunity defense. *Ellis*, 2008 WL 2007153, at *6, *see infra*.

Based on Plaintiff's failure to address the Eleventh Amendment immunity issue in its responsive brief, taken with above referenced well-established law, Defendants' Eleventh Amendment immunity defense is well taken. Therefore, the claims against the Mississippi Department of Corrections and against Lt. Robert Sturdivant, Correctional Officer Tyler, Correctional Officer Lewis, Correctional Officer Kisha Davis, Warden Faye Noel, Deputy Warden Reginald Steward, Associate Warden Darlester Foster, Deputy Warden Marshal Turner, and Superintendent Ernest Lee in their official capacities are hereby dismissed. Claims against these persons in their individual capacities will proceed.

## II. Are Defendants Entitled to Qualified Immunity?

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (internal citation omitted). To determine whether an official is entitled to qualified immunity in his individual capacity, the court must engage in a two-step analysis. *Foley v. Univ. of Houston*, 355 F.3d 333, 337 (5th Cir. 2003). First, the court must determine whether the plaintiff has made a sufficient showing that the official violated a clearly established constitutional right. *Id.* Second, the court must decide whether the official's actions were objectively reasonable in light of the clearly established right. *Id.*

The Fifth Circuit recognizes a shifting burden of proof for qualified immunity. Once a defendant pleads qualified immunity and shows his position requires the exercise of discretion, the plaintiff then has the burden "to rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law." *Salas v. Carpenter*, 980 F.2d 299, 306 (5th Cir. 1992). "To prevail on an eighth amendment excessive force claim, a plaintiff must establish that force was not 'applied in a good-faith effort to maintain or restore discipline, [but] maliciously and sadistically to cause harm,' and that he suffered an injury." *Eason v. Holt*, 73 F.3d 600, 601-02 (5th Cir. 1996) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). A significant injury is not required, but the plaintiff must show that he suffered some injury. *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993).

Regarding the first step, Plaintiff asserts he was instructed to enter one of the Defendant officers' offices where he was then brutally assaulted. To support his claims, Plaintiff offers his own deposition and his own medical records. His medical records indicate he reported the assault to medical professionals, albeit at least several hours after the alleged occurrence, and he sustained an objective injury to the face. The rebuttal evidence Defendants offer are personally authored affidavits. Those affidavits allege no altercation whatsoever occurred and Plaintiff's injuries were sustained during an unexpected seizure over which they had no influence. The court finds this conflicting evidence is sufficient to create a genuine issue of material fact regarding whether the Defendants violated the Plaintiff's constitutional right against excessive force under circumstances a reasonable officer would have understood occurred. "The outcome of this case will most likely turn on credibility, and credibility is not a determination to be made on summary judgment." *Oliver v. Gaston*, No. 1:04-cv-499-LG-JMR, 2006 WL 2805343, at *5 (S.D. Miss. Sept. 7, 2006) (citing *Quorum Health Resources, L.L.C. v. Maverick County Hosp.*

*Dist.*, 308 F.3d 451, 458 (5th Cir. 2002)). Thus, the court will deny summary judgment for the Defendants, in their individual capacities on their qualified immunity defense.

## **Conclusion**

For the foregoing reasons, Plaintiff's claims against the Mississippi Department of Corrections and Defendants in their official capacities are hereby **DISMISSED**. Summary judgment based on qualified immunity is hereby **DENIED** at this juncture. Claims against Defendants in their individual capacity will hereby **PROCEED**.

**SO ORDERED**, this the 8th day of October, 2014.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**